# IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS CITY
## STATE OF MISSOURI

| | |
|---|---|
| Darryl Bell, Sr. | ) |
| Plaintiff, | ) |
| v. | ) |
| BJC Health System d/b/a BJC HealthCare d/b/a Barnes Jewish Hospital, | )     0922-CC 10204 |
| Serve at: 4444 Forest Park St. Louis, Missouri 63110 | ) |
| and | ) |
| Alan Smith, | ) |
| Serve at: 4444 Forest Park St. Louis, Missouri 63110 | ) |
| and | ) |
| Sherry Shields, | ) |
| Serve at: 4444 Forest Park St. Louis, Missouri 63110 | ) |
| and | ) |
| Edward Wallace, | ) |
| Serve at: 4444 Forest Park St. Louis, Missouri 63110 | ) |
| and | ) |
| Rachel Davis, | ) |
| Serve at: 4444 Forest Park St. Louis, Missouri 63110 | ) |
| Defendants. | ) |

## PETITION FOR DAMAGES

COMES NOW, Plaintiff, Darryl Bell, Sr., by and through counsel, and for his petition for damages against the above-named defendants, states the following:

1.      At all times relevant herein, Plaintiff Darryl Bell, Sr. (hereinafter "Plaintiff") was employed by Defendant BJC Healthcare (hereinafter "Defendant BJC") in its Material Distribution Department, and Plaintiff's place of employment with Defendant BJC was 4444 Forest Park, St. Louis, Missouri 63110.

2.      Defendant BJC does business at 4444 Forest Park, MO 63110 and may accept service at that address through its managers, owners or registered agent.

3.      At all times relevant herein, Defendant Alan Smith (hereinafter "Defendant Smith") was Plaintiff's Department Manager, and he also may be found at 4444 Forest Park, MO 63110 and may accept service at that address.

4.      At all times relevant herein, Defendant Sherry Shields-Rivers (hereinafter "Defendant Shields-Rivers"), was Plaintiff's Supervisor, and she may be found at 4444 Forest Park, MO 63110, where she may accept service.

5.      At all times relevant herein, Defendant Edward Wallace (hereinafter "Defendant Wallace"), was Plaintiff's Supervisor, and he may be found at 4444 Forest Park, MO 63110, where he may accept service.

6.      At all times relevant herein, Defendant Rachel Davis (hereinafter "Defendant Davis"), was Plaintiff's Human Resources Consultant, and she may be found at 4444 Forest Park, MO 63110, where she may accept service.

7.      At all times relevant herein, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis were employees, agents, servants or representatives of Defendant BJC possessing authority to alter or impact the terms, conditions and continuance of Plaintiff's Employment with Defendant BJC.

8.      Defendant BJC is vicariously liable for the actions of its employees,

agents, servants and representatives described herein, including but not limited to the actions of Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis.

9.      On or about December 8, 2004, Plaintiff availed himself of his accrued 3rights under FMLA so that he could take intermittent leave from work to care for his mother, Dorris Herman, who was suffering from a terminal illness. Plaintiff continued to avail himself of his accrued rights under FMLA in the above-described manner for the above-described purpose until December 13, 2007.

10.     At all times relevant herein, Defendant BJC and its Material Distribution Department were subject to the mandates of the Family and Medical Leave Act (FMLA), and Plaintiff was an eligible employee entitled to the benefits and protections of the Family and Medical Leave Act. Specifically, Plaintiff had worked for Defendant BJC for at least 12 months for at least 1,250 hours prior to filing for intermittent leave under the FMLA, and he worked at a location where Defendant BJC employed 50 or more employees within 75 miles during that time.

11.     As a direct and proximate result of Plaintiff's actions in availing himself of his rights under the FMLA, Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis continuously harassed Plaintiff and subjected him to adverse employment actions from December 8, 2004 to December 13, 2007. In so doing, Defendants intentionally violated Plaintiff's rights under the FMLA or recklessly disregarded Plaintiff's rights under the FMLA. Defendants' retaliatory actions include but are not limited to the following:

(a)     On or about May 12, 2007, Defendant Shields-Rivers

3

falsely reported that Plaintiff was off the campus of Defendant BJC after Plaintiff had properly notified her that he needed to be off campus to avail himself of his rights under the FMLA; and

      (b)    On or about October 31, 2007, Defendant BJC, through its agents employees, servants or representatives, formally reprimanded Plaintiff for non-attendance or tardiness after Plaintiff had properly notified Defendant BJC of his need to avail himself of his rights under the FMLA; and

      (c)    From December 8, 2004 to December 13, 2007, Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis harassed Plaintiff by singling him out from the other employees, monitoring him more closely than the other employees, and reprimanding him in a manner that was unjustifiably disproportionate to that of the other employees; and

      (d)    Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis reassigned Plaintiff to less desirable work shifts or work duties on five separate occasions between December 8, 2004 and December 13, 2007.

12.    Alternatively, Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis continuously harassed Plaintiff and subjected him to adverse employment actions from December 8, 2004 to December 13, 2007 because he was an African-American male who availed himself of his rights under the FMLA. In so doing, Defendants intentionally violated Plaintiff's rights under the

4

FMLA or recklessly disregarded Plaintiff's rights under the FMLA. Defendants' retaliatory actions include but are not limited to the following:

    (a)    On or about May 12, 2007, Defendant Shields-Rivers falsely reported that Plaintiff was off the campus of Defendant BJC after Plaintiff had properly notified her that he needed to be off campus to avail himself of his rights under the FMLA; and

    (b)    On or about October 31, 2007, Defendant BJC, through its agents employees, servants or representatives, formally reprimanded Plaintiff for non-attendance or tardiness after Plaintiff had properly notified Defendant BJC of his need to avail himself of his rights under the FMLA; and

    (c)    From December 8, 2004 to December 13, 2007, Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis harassed Plaintiff by singling him out from the other employees, monitoring him more closely than the other employees, and reprimanding him in a manner that was unjustifiably disproportionate to that of the other employees; and

    (d)    Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis reassigned Plaintiff to less desirable work shifts or work duties on five separate occasions between December 8, 2004 and December 13, 2007.

13.    On or about December 13, 2007, Defendant BJC, Defendant Smith,

5

Defendant Shields-Rivers, Defendant Wallace and Defendant Davis retaliated against Plaintiff for availing himself of his rights under the FMLA or for availing himself of his rights under the FMLA as an African-American male by terminating his employment with Defendant BJC.

## COUNT I: RETALIATION

COMES NOW, Plaintiff, by and through counsel, and for Count I of his petition, states the following:

14.     Plaintiff hereby makes reference to and incorporates herein Paragraphs 1-13 of his petition.

15.     Plaintiff has sustained damages including but not limited to lost wages, lost job benefits and pain and suffering as a direct and proximate result of the above-described actions of Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis in retaliating against Plaintiff for availing himself of his rights under the FMLA, or alternatively, availing himself of his rights under the FMLA as an African-American male.

15.     Further, the actions of Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis were not merely negligent but also wanton, reckless, malicious and intentional, and thereby warrant an award of exemplary, or punitive, damages.

WHEREFORE, Plaintiff prays that this honorable court award Plaintiff damages against Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis jointly and severally in an amount exceeding $25,000, an award for exemplary damages, and for such other relief as this Court may deem just and proper

6

under the circumstances.

## COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

COMES NOW, Plaintiff, by and through counsel, and for count II of his petition, states the following:

16.     Plaintiff hereby makes reference to and incorporates herein Paragraphs 1 through 15 of his petition.

17.     Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis intentionally harassed Plaintiff from December 8, 2004 to December 13, 2007 while aware that Plaintiff's mother was terminally ill.

18.     Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis terminated Plaintiff or caused him to be terminated shortly before Christmas day, 2007, while aware that Plaintiff's mother was terminally ill.

19.     Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis harassed Plaintiff as described in paragraphs 1 through 18 with the intention of causing him emotional distress or with reckless disregard for his emotional state.

20.     The conduct of Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis as described above was outrageous, malicious, intentional, wanton and/or reckless.

21.     Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis harassed Plaintiff as described above for the sole purpose of causing him emotional distress.

22.     Plaintiff has suffered severe emotional distress as a proximate result of the

actions of Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis. Plaintiff's emotional distress is medically diagnosable and medically significant and manifests in various manners including but not limited to:

    (a)    insomnia and sleep deprivation; and

    (b)    post-traumatic stress disorder; and

    (c)    anxiety and depression.

23.    The actions of Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis were not merely negligent but also wanton, reckless, malicious and intentional, and thereby warrant an award of exemplary, or punitive, damages.

WHEREFORE, Plaintiff prays that this honorable court award Plaintiff damages against Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis jointly and severally in an amount exceeding $25,000, an award for exemplary damages, and for such other relief as this Court may deem just and proper under the circumstances.

## COUNT III: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

COMES NOW, Plaintiff, by and through Counsel, and for Count III of his Petition, states the following:

24.    Plaintiff hereby makes reference to and incorporates herein Paragraphs 1-23 of his petition.

25.    As an employee of Defendant BJC, Plaintiff was, at all times relevant herein, entitled to protection from work related hazards from Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis.

26.     From December 8, 2004 to December 13, 2007, Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis harassed Plaintiff and retaliated against Plaintiff as described above, and in so doing, created an unreasonable risk of causing Plaintiff emotional distress, which they knew or should have known posed such risk to Plaintiff.  As such, Defendants' breached their duty to protect Plaintiff from work-related hazards.

27.     Plaintiff has suffered severe emotional distress as a proximate result of the actions of Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis.  Plaintiff's emotional distress is medically diagnosable and medically significant and manifests in various manners including but not limited to:

    (a)     insomnia and sleep deprivation; and

    (b)     post-traumatic stress disorder; and

    (c)     anxiety and depression.

28.     Defendants' actions in causing Plaintiff to suffer emotional distress were not merely negligent but also wanton, reckless, malicious and intentional, and thereby warrant an award of exemplary, or punitive, damages.

WHEREFORE, Plaintiff prays that this honorable court award Plaintiff damages against Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis jointly and severally in an amount exceeding $25,000, an award for exemplary damages, and for such other relief as this Court may deem just and proper under the circumstances.

## COUNT IV: CIVIL CONSPIRACY

COMES NOW, Plaintiff, by and through counsel, and for Count III of his petition,

states the following:

29.     Plaintiff hereby makes reference to and incorporates herein Paragraphs 1 through 28 of his petition.

30.     From December 8, 2004 to December 13, 2007, Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis conspired to unlawfully retaliate against Plaintiff for availing himself of his rights under the FMLA.

31.     Between December 8, 2004 to December 13, 2007, Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis agreed and had a meeting of the minds with each other to place Plaintiff in compromising situations or scrutinize Plaintiff's conduct in a manner that was disproportionate to their level of scrutiny Plaintiff's coworkers so that they could retaliate against Plaintiff for availing himself of his rights under the FMLA, and ultimately terminate him, while creating the appearance that their multiple reprimands and ultimate termination of Plaintiff were for a legitimate purpose. For instance, on or about May 12, 2007, Defendant Smith stated to Defendant Shields-Rivers, Defendant Wallace and Defendant Davis that "if [Plaintiff] breathes wrong we are going to get his ass out of here," at which time Defendant Shields-Rivers, Defendant Wallace and Defendant Davis agreed with Defendant Smith's plan.

32.     Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis took actions to further their unlawful objective and did in fact retaliate against Plaintiff for availing himself of his rights under the FMLA as described above, while attempting to create the appearance that their retaliation against

10

Plaintiff was for a legitimate purpose.

33.     On or about December 13, 2007, Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis terminated Plaintiff or caused him to be terminated for availing himself of his rights under the FMLA, while creating the impression that they terminated Plaintiff or caused him to be terminated for an unlawful purpose.

34.     As a direct and proximate result of Defendants' civil conspiracy, Plaintiff suffered damages including but not limited to loss of employment, loss of wages, loss of employment benefits, pain and suffering and emotional distress.

35.     Defendants' actions in causing Plaintiff to suffer emotional distress were not merely negligent but also wanton, reckless, malicious and intentional, and thereby warrant an award of exemplary, or punitive, damages.

WHEREFORE, Plaintiff prays that this honorable court award Plaintiff damages against Defendant BJC, Defendant Smith, Defendant Shields-Rivers, Defendant Wallace and Defendant Davis jointly and severally in an amount exceeding $25,000, an award for exemplary damages, and for such other relief as this Court may deem just and proper under the circumstances.

Respectfully submitted,

Jeffrey S. Damerall, 57136
JEFFREY S. DAMERALL, LLC
1001 Craig Road, Ste. 260
St. Louis, MO 63146
T: 314 569 9820
F: 414 569 0552

11