UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRYL BELL, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:10CV72 HEA |
| ) | |
| BJC HEALTH SYSTEM, d/b/a BJC Health ) | |
| Care d/b/a Barnes Jewish Hospital, et al., ) | |
| ) | |
| Defendants, ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on remaining[1] Defendants BJC Health System d/b/a BJC Healthcare, Alan Smith, Sherry Rivers, and Edward Wallace's Joint Motion to Dismiss and/or to Strike, [Doc. No. 9]; Defendants BJC Health System d/b/a BJC Healthcare, Alan Smith, Sherry Rivers, and Edward Wallace's Joint Motion to Strike, [Doc. No. 11], and Plaintiff's Motion to Dismiss Counts I and IV of Plaintiff's Cause, for Leave to File an Amended Petition, and to Remand to State Court, [Doc. No. 15]. For the reasons set forth herein, Plaintiff's Motion will be granted and the matter will be remanded.

## **Facts and Background**

---

[1] On June 4, 2010, Plaintiff moved to dismiss Defendant Rachel Davis based on his inability to effectuate service within the appropriate time perimeters. The Court granted the motion and Defendant Davis was dismissed from this action on June 4, 2010.

Plaintiffs filed this action in the Circuit Court for the City of St. Louis, Missouri against Defendants for "Retaliation," alleging that he had been retaliated against for "availing himself of his rights under the Family Medical Leave Act, (FMLA), 29 U.S.C. § 2601, *et seq.*, or alternatively, availing himself of his rights under the FMLA as an African-American male, (Count I); Intentional Infliction of Emotional Distress, (Count II); Negligent Infliction of Emotional Distress, (Count III); and Civil Conspiracy, (Count IV).

Defendants removed the matter to this Court based on the Court's federal question jurisdiction, 28 U.S.C. § 1331 on the grounds that Plaintiff's claim that he had been retaliated against for availing himself of his rights under the FMLA. Defendants thereafter filed the Motion to Dismiss and/or Strike Counts I and IV and the Motion to Strike, seeking to strike the claims for damages for pain and suffering and exemplary or punitive damages sought in Count I.

Plaintiff did not file a response to these Motions, rather, Plaintiff filed his own Motion to Dismiss Counts I and IV. In this Motion, Plaintiff seeks leave to file an Amended Petition, which eliminates the claim for retaliation, sets out claims for Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and Civil Conspiracy. Defendants oppose Plaintiff's Motion to Dismiss and for leave to file the amended pleading and to remand.

Specifically, the proposed Amended Petition alleges:

Plaintiff requested intermittent leave from work to care for his mother who was suffering from a terminal illness. Defendants felt partially or entirely obligated to comply with Plaintiff's requests, but became antagonistic toward Plaintiff for requesting accommodations, continuously asserting that he believed he had a right to take leave from work and otherwise speaking and asserting himself in a manner that Defendants found irritating, unpleasant or offensive. Due to Defendants' disagreements and personality conflicts with Plaintiff, they desired to cause him anguish, stress and humiliation and did so by continuously antagonizing him and subjecting him to adverse employment actions, which are detailed in the amended pleading. Plaintiff claims that Defendants subjected him to the detailed actions while on notice that Plaintiff was under great emotional burden and had to care for his mother, who was suffering from a terminal illness. Plaintiff further alleges Defendants maliciously and intentionally terminated his employment causing him intolerable stress, outrage, sadness and depression. Plaintiff claims these actions constitute intentional infliction of emotional distress, negligent infliction of emotional distress and were preformed pursuant to a conspiracy to take adverse employment action against Plaintiff.

## **Discussion**

Plaintiff no longer seeks to state a claim under the FMLA and has eliminated those Counts from his Amended Petition which were purportedly brought under the FMLA.[2] Leave to File the Amended Petition is granted.

**Motion to Remand**

Plaintiff seeks remand because the Amended Petition no longer states a federal question claim; the claims remaining are brought solely under state law. Defendants argue, however that even as stated, the state law claims are preempted by the FMLA. Alternatively, Defendants argue that interpretation of the anti-retaliatory provisions of FMLA is necessary and central to Plaintiff's state law claims, thereby preempting those claims.

The reasoning articulated in *Mabe v. Golden Living Center-Bransom* 2007 WL 3326857, 3 -4 (W.D.Mo.,2007) is directly applicable to this matter.

> A federal question is raised in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Lundeen v. Canadian Pac. Ry. Co.,* 447 F.3d 606, 611 (8th Cir.2006)(quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Under the "well-pleaded complaint" doctrine, the plaintiff is the master of his claim and may avoid federal removal jurisdiction by exclusive reliance on state law. *Id.,* (citing *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). "When plaintiff's action is properly brought under state law,

---

[2] Defendants' Motion to Dismiss and to Strike those claims are meritorious, and Plaintiff essentially recognizes this in his Motion to Amend and Memorandum in Support.

the defendant is not entitled to remove simply because federal law or principles of federal preemption will provide a defense, even a complete defense, to plaintiff's state law claims." *M. Nahas,* 930 F.2d at 612 (citing *Gully v. First National Bank,* 299 U.S. 109, 81 L.Ed. 70, 57 S. Cut. 96 (1936); *First National Bank of Aberdeen v. Aberdeen National Bank,* 627 F.2d 843 (8th Cir.1980).

However, the well-pleaded complaint rule creates an exception to this rule, allowing removal where (1) federal law completely preempts a plaintiff's state-law claim, *Gaming Corp. of Am. v. Dorsey & Whitney,* 88 F.3d 536, 542 (8th Cir.1996); or (2) an issue of federal law is a necessary and a central element of plaintiff's state law claims, *Bellido-Sullivan v. American Int'l. Group, Inc.,* 123 F.Supp.2d 161, 164 (S.D.N.Y.2000). "A plaintiff cannot thwart the removal of a case by inadvertently, mistakenly or fraudulently concealing the federal question that would necessarily have appeared if the complaint had been well pleaded." 1A Moore's Federal Practice para. 0.16[3.-3], at p. 234 (1990 ed.). The complete preemption exception is limited to federal statutes that "so completely preempt a particular area, that any civil complaint raising this select group of claims is necessarily federal." *M. Nahas,* 930 F.2d at 612 (quoting *Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *see also Caterpillar,* 482 U.S. at 393 (stating that the complete preemption doctrine converts an ordinary state law claim into a federal claim where the "preemptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' ")

* * * * * * * * *

[T]he complete preemption exception does not apply to this case. Congressional intent is the "ultimate touchstone" guiding preemption analysis. *Lundeen,* 447 F.3d at 611 (citing *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)). "If the statute contains an express preemption clause, then the statutory construction should center on its plain meaning as the best evidence of Congress's preemptive intent." *Peters v. Union Pac. R.R.,* 80 F.3d 257, 261 (8th Cir.1996). No provision of the FMLA, however, "evinces an intent by Congress that lawsuits based on wrongful termination for taking leaves of absence should be the exclusive province of the federal courts." *Bellido-Sullivan,* 123 F.Supp.2d at 165. In fact, the plain

language of § 2651(b) provides: "Nothing in this Act ... shall be construed to supercede any provision of any State or local law that provides greater family or medical leave rights than the rights established by this Act." Although the Eighth Circuit has not addressed the issue of whether the plain language of the FMLA completely preempts state law, other courts have addressed the issue. *See Wulfekuhle v. Planned Parenthood of Greater Iowa, Inc.,* 2003 U.S. Dist. LEXIS 3743, *4-5, 2003 WL 1233076 (D.Iowa February 10, 2003); *Bellido,* 123 F.Supp.2d at 164-67 (holding that FMLA does not completely preempt state law); *Findlay v. PHE, Inc.,* 1999 U.S. Dist. LEXIS 9760 at 6, 1997 WL 1939246, at *3 (M.D .N.C.1999)(same); and *Danfelt v. Board of County Comm'rs of Washington County,* 998 F.Supp. 606, 611 (D.Md.1998)(same). Further, the Supreme Court has identified only three federal statutes in which complete preemption is applicable-the Labor Management Relations Act, the Employee Retirement Income Security Act, and the National Bank Act. *See Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6-10, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003).

*Id.* (footnote omitted). Plaintiff's claims are not completely preempted.

Defendants alternatively argue that interpretation of Plaintiff's right to be free from retaliation for using FMLA leave is necessary and central to Plaintiff's state law claims, thereby preempting them. Federal question jurisdiction can be obtained if the right to relief depends on the resolution of a substantial question of federal law. See *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir.1998) (citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, (1983).

In the Amended Petition Plaintiff does not allege a violation of his FMLA rights, nor is he seeking relief for lost benefits under the FMLA. Plaintiff's claims do not depend on the resolution of whether Plaintiff's FMLA rights were violated, and

Plaintiff has not advanced a violation of her FMLA rights as a primary ground for relief. Rather, Plaintiff is asserting common law state claims of intentional and negligent infliction of emotional distress and civil conspiracy. Therefore, consistent with other District Courts, the Court determines that Plaintiff's claims do not 'arise under' federal law. See, *Miller v. Metropolitan Sewer Dist.* 2010 WL 2399553 (E.D.Mo.); *Horner v. Lee Summit Missouri*, 2009 U.S. Dist. 2009 WL 5214901; *Morthland v. BRP US, Inc.*, 2007 WL 853986 (S.D.Ill. Mar. 15, 2007); *Belperio v. Cincinnati Bell Telephone Co.*, No. 1:04-CV-831, 2005 WL 1364630 (S.D. Ohio June 7, 2005).

In the Response in Opposition to Plaintiff's Motion to Remand by Defendants assert that this Court has federal subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims are necessary and central to his claims. Defendants argue that, because Defendants' actions arose after Plaintiff exercised his right to use intermittent leave, the Court will have to resolve a substantial question of federal law.

Plaintiff's claims, however, are not dependent upon his establishing a violation of the FMLA. Rather, the crux of Plaintiff's allegation is Defendants' treatment of Plaintiff during his employment and his ultimate discharge from employment. Thus, the resolution of Plaintiff's claim "does not hinge on any interpretation or application of the FMLA." *Belperio*, 2005 U.S. Dist. LEXIS 2005

WL 1364630. Plaintiff does not claim that he was denied FMLA leave, nor that Defendants' actions were in retaliation for his taking any leave, but rather, that Defendants took action to cause him emotional distress. The Court finds this case lacks federal subject matter jurisdiction because the claim neither arises under federal law, nor requires resolution of any federal violation. The Motion to Remand will therefore be granted.

### Conclusion

Plaintiff's First Amended Petition does not raise a federal question. The Court lacks federal subject matter jurisdiction,

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Dismiss Counts I and IV of Plaintiff's Cause, for Leave to File an Amended Petition, and to Remand to State Court, [Doc. No. 15], is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for the City of St. Louis, Missouri.

Dated this 16th day of July, 2010.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE